# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRITNEY GIPSON, | ) | 1:08cv1780 AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| Plaintiff, | ) | WITH LEAVE TO AMEND |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE GUIRBINO, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Britney Gipson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on November 20, 2008.

## DISCUSSION

A. <u>Screening Standard</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000) (en banc).

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Plaintiff's Allegations

Plaintiff alleges that on June 23, 2008, Fresno Police Officer R. Thompson stopped him as he was walking back to the hotel where he was living and subjected him to an illegal search and seizure. Although somewhat unclear, it appears that he alleges that Defendant Thompson stopped him without just cause for having a "toy cap gun" and placed him on a parole hold for possession of a simulated firearm. Plaintiff makes a separate allegation that Parole Agent Thomas Adams did not allow Plaintiff to live with his mother.

Plaintiff also makes allegations related to his parole board hearing. He alleges that the Commissioner of the Board of Parole Hearings, John Doe, knowingly and willingly violated his constitutional rights by (1) denying him a parole revocation hearing within 35 days of the parole hold; (2) revoking his parole for having a toy gun; (3) failing to provide Plaintiff with the evidence used against him; (4) denying him a written statement of the decision; and (5) denying him of his right to have a neutral and detached parole revocation hearing.

Plaintiff requests compensatory and punitive damages in the amount of $35,000,000, as well as injunctive relief.

C. Analysis

1. Search and Seizure Allegations

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a

writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Here, one of Plaintiff's main contentions revolves around what he alleges to be an illegal search and seizure. Plaintiff was on parole at the time and is now is prison. Although he states that his parole was revoked because of this incident, the Court is not certain that he is currently in prison based on this parole revocation. If his imprisonment resulted from the parole revocation of which he now complains, Plaintiff's claim would be prohibited under section 1983. Plaintiff will be given an opportunity to amend his complaint to provide the Court with additional details regarding his current imprisonment. Plaintiff should only file an amended complaint, however, if his current imprisonment did not stem from the allegedly unconstitutional search and seizure and/or parole revocation. Such a challenge to the legality of his confinement must be raised in a habeas corpus petition[1] rather than in this action.

2. Denial of Parole Conditions Allegations Against Defendant Adams

Plaintiff alleges that Defendant Adams denied him "of living with his mother."

To the extent he is attempting to challenge his parole conditions, his claim is akin to challenging the legality or duration of his custody. A challenge to the legality of restrictions placed on a parolee must be brought as a habeas corpus action. See Williams v. Wisconsin, 336 F.3d 576 (7th Cir.2003) (probation restrictions "define [ ] the perimeters of [ ] confinement").

---

[1] Plaintiff is advised that before filing any such petition in federal court, he must first exhaust all remedies available in the state system, including the filing of a habeas corpus action in state court, if such an action is available in the state system on these facts. 28 U.S.C. § 2254(b)(1).

3

1    As Plaintiff cannot amend to cure this deficiency, the claim must be dismissed without
2    leave to amend. His sole federal remedy for challenging parole conditions is by way of petition
3    for writ of habeas corpus.
4            3.      Denial of Rights Before Parole Board
5            Again, Plaintiff's challenges to his parole board hearing are challenges to the legality or
6    duration of his custody, and his sole federal remedy is a writ of habeas corpus. Wilkinson v.
7    Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475
8    (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).
9            Moreover, as to Defendant John Doe, Commissioner of the Board of Parole Hearings, his
10   alleged involvement in this case is based solely on the fact that he made decisions related to
11   plaintiff's parole revocation hearing. Where, as here, a parole official engages in quasi-judicial
12   functions and revokes a parolee's parole, he is entitled to absolute immunity from suit. See
13   Swift, 384 F.3d 1184, 1189-90 (9th Cir. 2004); Sellars v. Procunier, 641 F.2d 1295 (9th
14   Cir.1981) ("If an official's role is functionally equivalent to that of a judge, the official will be
15   granted equivalent immunity.").
16           Therefore, Plaintiff may not allege civil rights allegations against the Commissioner of
17   the Board of Parole Hearings based on the Commissioner's qualified immunity and his failure to
18   state a claim under section 1983. Plaintiff may file a petition for writ of habeas corpus to assert
19   these allegations.
20           4.      Defendants Guirbino, Parole Supervisor Doe, and Fresno Police Department
21           The Civil Rights Act under which this action was filed provides:
22                   Every person who, under color of [state law] . . . subjects, or causes
                     to be subjected, any citizen of the United States . . . to the
23                   deprivation of any rights, privileges, or immunities secured by the
                     Constitution . . . shall be liable to the party injured in an action at
24                   law, suit in equity, or other proper proceeding for redress.
25   42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
26   Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
27   (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or
28   link between the actions of the defendants and the deprivation alleged to have been suffered by

plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff makes no allegations against Defendants Guirbino, Parole Supervisor Doe or the Fresno Police Department. As Plaintiff is granted leave to amend his Fourth Amendment allegation, he will also be allowed to amend to allege claims against these Defendants. In doing so, he is reminded that there must be a direct causal connection between their actions and the harm of which he complains.

As to Defendant Fresno Police Department, Plaintiff is advised that generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).

## **CONCLUSION**

In conclusion, the Court dismisses Plaintiff's complaint with leave to amend. Plaintiff should only amend if he can cure the deficiencies noted above.

Plaintiff is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form, and a petition for writ of habeas corpus;
2. Plaintiff's complaint is DISMISSED, WITH LEAVE TO AMEND;
3. If Plaintiff wishes to pursue this civil rights action, he must file an amended complaint within **thirty (30) days**;
4. If Plaintiff does not wish to pursue this action, he may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order; and
5. **If Plaintiff neither files a notice of voluntary dismissal nor files an amended complaint, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **March 30, 2009**        /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE